*Decision will be entered under Rule 50.*

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31470. Promulgated November 19, 1952.

*Stuart McCarthy, Esq.*, for the petitioner.
*Francis J. Butler, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The issue before us, as framed by the parties, is whether under section 827 (b) of the Internal Revenue Code the petitioner-insurer is liable for any part of unpaid estate tax as an alleged "transferee or trustee" of life insurance proceeds includible in decedent's gross estate under section 811 (g) of the Internal Revenue Code.

Section 827 reads as follows:

SEC. 827. LIEN FOR TAX.

(b) LIABILITY OF TRANSFEREE, ETC.—If the tax herein imposed is not paid when due, then the spouse, transferee, trustee, surviving tenant, person in pos-

session of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under section 811 (b), (c), (d), (e), (f), or (g), to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property sold by such spouse, transferee, trustee, surviving tenant, person in possession of property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien provided in section 827 (a) and a like lien shall then attach to all the property of such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth.

It is obvious, of course, that the above section does not specifically refer to the liability of an insurer holding life insurance proceeds. Nor does the section contain any all-inclusive or general classification into which the petitioner might fall. Instead, it sets out six specific persons who may be liable under the section. Accordingly, petitioner is liable under this section only if it comes within one of these classifications. We can exclude the classifications of spouse, surviving tenant, and person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment. Nor do we perceive any basis upon which the petitioner here could be held to be a beneficiary. The question remains whether the petitioner is, as the respondent maintains, a transferee or trustee under this section.

We believe that the respondent's position is predicated on an interpretation of the scope of these terms as employed in section 827 (b) which is clearly erroneous. Viewed categorically, the two terms, trustee and transferee, are subject to multiple and varied interpretations, but when such terms are employed in a technical provision of statutory law they take on a more definite and restrictive meaning supplied by the context of the particular section of which they are a part. In a single sentence of section 827 (b) it is provided that there may be liable six classifications of persons who hold property includible in the estate under six specific subsections of section 811 of the Code. We believe that the authors of this provision, desirous that the holders of the property under each of these subsections should be liable, studiously chose a classification applicable to each of such subsections and included them in section 827 (b) in the same order as the related property interests appear in subsections (b) through (g), inclusive, of section 811. This will be more apparent from an examination of each of the classifications. The first one mentioned is "spouse", which corresponds with the first of the subsections, 811 (b), which provides for the inclusion in the gross estate of dower or curtesy interests. The next two classifications, that of transferee and trustee, are applicable both to section 811 (c), which

refers to transfers *by trust* or otherwise, in contemplation of death, etc., and to section 811 (d), which refers to transfers by the decedent *by trust* or otherwise where enjoyment thereof was subject at the date of his death to any change through the exercise of a power by the decedent, etc. The fourth classification, that of surviving tenant, corresponds and relates to section 811 (e), joint interests. The fifth classification, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, corresponds and relates to section 811 (f), powers of appointment. The final classification, beneficiary, corresponds and relates to section 811 (g), which requires inclusion in the gross estate of proceeds of life insurance.

The relationship between each classification to each of the above subsections, (b), through (g), inclusive, of section 811, is clearly defined. The transferee and trustee referred to in section 827 (b) are the trustee and transferee to whom the decedent during his lifetime made the transfers set out in section 811 (c) and (d), and in order for a person to be held liable under section 827 (b) as a transferee or trustee it must be made to appear that he is the transferee or trustee specifically designated in section 811 (c) and (d). The respondent herein does not argue or suggest that the insurance proceeds are includible in the gross estate by virtue of subsections (c) and (d) of section 811 or that the petitioner herein is a trustee or transferee within the meaning of these two subsections.

To proceed with our analysis of the provisions in question it also appears clear to us that the authors of the section intended the last classification, that of beneficiary, to be the person liable for the insurance proceeds includible in the gross estate under section 811 (g). Certainly, if it were intended that insurers, as such, were to be liable for any insurance proceeds which they held, the last classification would have been made sufficiently broad to include any such insurance company.

We interpret section 827 (b) to mean that only beneficiaries may be liable under this section for life insurance proceeds includible in the gross estate. Our interpretation in this respect appears to be fully in accord with the legislative intent of Congress when, by section 411 of the Revenue Act of 1942, the section was amended to read as it now appears. Prior to the amendment, section 827 (b) read as follows:

(b) UPON PROPERTY OF TRANSFEREE.—If (1) except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death, or makes a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (A) the possession or enjoy-

ment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom, or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax. Any part of such property sold by such transferee or trustee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien and a like lien shall then attach to all the property of such transferee or trustee, except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth.

In both the Senate Finance Committee and House Ways and Means Committee Reports, attention was called to the fact that section 827 (b), prior to amendment, referred only to transfers in contemplation of death or intended to take effect in possession or enjoyment at or after death, and life insurance in favor of a specific beneficiary. The reports went on to state that all the assets referred to in section 811 are to be treated equally for purposes of inclusion in the gross estate and by virtue of the amendment the holders or recipients of all such assets were accordingly placed in the same plane of personal liability for the tax.[1]

Our construction of section 827 (b) is also in accordance with the construction placed on the predecessor section by the Court of Appeals for the District of Columbia in *John Hancock Mutual Life Insurance Co.* v. *Helvering*, 128 F. 2d 745, reversing 42 B. T. A. 809. The predecessor section there involved was section 315 of the Revenue Act of 1926. Referring to that provision, the judge stated:

\* \* \* The most significant language for this case is that of subsection 315 (b).

[1] The reports of the Senate Finance Committee and the House Ways and Means Committee are identical with respect to the proposed amendment to section 827 (b) of the Code. The following comment appears at page 168 of the House Report and page 241 of the Senate Report:

SECTION 411. LIABILITY OF CERTAIN TRANSFEREES

This section, which is identical with section 411 of the House bill, clarifies and amends provisions of the Internal Revenue Code relating to the estate tax lien and transferee liability. Section 827 (a) of the Code imposes a lien upon the gross estate of the decedent. The following subsection provides for a like lien upon assets received by certain persons. The latter provision is unnecessary and it is therefore eliminated. Subsection (b), as amended, contains a cross reference to the lien imposed by subsection (a), which continues to be applicable.

Section 827 (b), as it now appears in the Code, in imposing personal liability for the tax refers only to transfers in contemplation of death or intended to take effect in possession or enjoyment at or after death, and life insurance in favor of a specific beneficiary. However, all the assets referred to in section 811 are treated equally for purposes of inclusion in the gross estate and the holders or recipients of all such assets are accordingly placed on the same plane of personal liability for the tax.

This section also makes more specific the definition of "transferee" in section 900 (e) of the Internal Revenue Code, which, however, is not all-inclusive.

"If

(1) except in the case of a bona fide sale for an adequate * * * consideration * * *,

the decedent makes a *transfer*, by *trust*, or otherwise, of any property * * * intended to take effect in possession or enjoyment at or after his death, * * * *or*

(2) if insurance *passes* under a contract executed by the decedent in favor of a specific *beneficiary*, and

if in *either case* the tax in respect thereto is not paid when due, then the *transferee, trustee*, or *beneficiary* shall be personally liable for such tax, and such property,

to the extent of the decedent's interest therein at the time of such *transfer*, or

to the exent of such *beneficiary's* interest *under* such contract of *insurance*, shall be subject to a like lien equal to the amount of such tax. * * *"

(Italics supplied)

The imposition of liability appears to follow two lines. First is the case where decedent makes a *transfer* by *trust* or otherwise. Second is the case where *insurance passes* under a contract to a specific *beneficiary*. These two cases are set-off by "(1)" and "(2)". If the tax has not been paid, it is provided that in *either case* the *transferee, trustee*, or *beneficiary* is personally liable. The statute proceeds to impose a lien on the estate *property* to the extent of *decedent's interest* at the time of *transfer or* to the extent of the *beneficiary's interest* under the *insurance* contract. It is clear that an insurance beneficiary is liable. The structure of the subsection is very persuasive that, where insurance is involved, he is the only one who is personally liable.

\* \* \* \* \* \* \*

It is to be noted that the opinion in the *John Hancock Mutual Life Insurance Co.* case, *supra*, was decided May 11, 1942, and the Revenue Act of 1942 was enacted October 21, 1942. It certainly appears likely to us, therefore, that when Congress considered the amendment in question it was aware of the existence and the importance of the decision in *John Hancock Mutual Life Insurance Co.* case, yet there is no indication that Congress intended to broaden the scope of this section to cover insurance companies.

For the foregoing reasons we conclude and hold that the petitioner is not liable as a transferee or trustee within the meaning of section 827 (b) of the Code and since our holding here appears to be in conflict with our holding in the case of *John Hancock Mutual Life Insurance Co.*, 42 B. T. A. 809, we will not hereafter follow the latter.

While section 900 (e) of the Code provides that the term "transferee" as used in that section includes heir, legatee, devisee, distributee and any person who is personally liable under section 827 (b),[2] the respondent makes no argument that the petitioner is a transferee under the provision of section 900 of the Code other than by

---

[2] Note that definition of "transferee" is not limited to the persons named. See footnote 1, *supra*.

virtue of its being a transferee within the meaning of section 827 (b) of the Code. Accordingly, we need give no further consideration to section 900 other than to note that there is a distinction between the term "transferee" as used in the two sections of the Code as evidenced by our foregoing discussion of the issue presented herein and the distinction should be kept in mind lest confusion results.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

Murdock, Turner, Opper, and Bruce, *JJ.*, dissent.