PATRICIA B. ENGLERT (AS ALLEGED TRANSFEREE OF THE ESTATE OF WILLIAM P. BAKER, DECEASED), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65073. Filed July 31, 1959.

*Joseph A. Lukes, Esq.,* and *Victor S. Barlogio, Esq.,* for the petitioner.

*Nat F. Richardson, Esq.,* for the respondent.

ARUNDELL, *Judge:* Respondent determined for assessment against petitioner the amount of $49,698.63, plus interest as provided by law, as constituting petitioner's liability as a transferee of property of the estate of William P. Baker, deceased. Petitioner contests the entire determination. Errors have been assigned from (a) to (o). The assignments are grouped and summarized as follows:

1. Respondent erroneously included in the decedent's gross estate the undistributed corpus of an inter vivos trust dated September 12, 1941;

2. Respondent's determination is barred by the statute of limitations;

3. Respondent erred in failing to allow the family allowance ordered by the California court as a part of the marital deduction from the decedent's gross estate;

4. Respondent erred in failing to allow credit against the alleged estate tax for Federal gift taxes paid at the time of the creation of the inter vivos trust dated September 12, 1941; and

5. That since the decedent's estate has not been distributed, is solvent and has ample marketable assets, respondent erred in determining petitioner liable as a transferee and in so doing violated the 5th and 14th Amendments of the United States Constitution.

Respondent in his brief concedes that petitioner's transferee liability is $48,306.63 instead of $49,698.63 which is due to an additional credit for Federal gift taxes for the difference. This concession disposes of assignment 4 above.

In her opening brief, petitioner concedes assignment 3 above on the basis of our decision in *Estate of Edward A. Cunha*, 30 T.C. 812, which was decided subsequent to the trial in this case.

### FINDINGS OF FACT.

The stipulation of facts, together with the addendum thereto and the attached Exhibit A, is found as stipulated and is incorporated herein by reference.

William P. Baker died July 11, 1951 (hereinafter referred to as the decedent), and his will was admitted to probate in the Superior Court of the State of California in and for the city and county of San Francisco on August 16, 1951. Melba Schuster, formerly Melba D. Baker, was at that time duly appointed executrix of said will, and is and has been the duly qualified and acting executrix thereof (hereinafter referred to as the executrix), and of all the matters and affairs affecting the probate estate.

Petitioner is an individual and resides in Atherton, California. She is the daughter of decedent and was born June 28, 1925.

On October 7, 1952, in accordance with, under, and within the time required by chapter 3 of the Internal Revenue Code of 1939 [1] the executrix filed a return with the collector of internal revenue for the first district of California, in duplicate, on Form 706 (revised May 1951) as required by the Commissioner of Internal Revenue, setting forth the matters prescribed in section 821. In the return the executrix reported a gross estate made up as set forth in the following prescribed schedules (with reference to Code sections) :

| | |
|---|---|
| Schedule A—Real Property (Required under sec. 811(a)) | $10,000.00 |
| Schedule B—Stocks and Bonds (Required under sec. 811(a)) | 650,452.00 |
| Schedule D—Insurance (Required under sec. 811(g)) | 44,234.00 |
| Schedule E—Jointly-owned property (Required under sec. 811(e)) | 303,099.59 |
| Schedule F—Miscellaneous property Personal property and receivables (Required under sec. 811(a)) | 6,207.08 |
| Schedule F—Miscellaneous property Partnership property (Required under sec. 811(e)) | 45,000.00 |

[1] All references to Code chapter and section numbers herein are of the Internal Revenue Code of 1939 unless otherwise designated.

Schedule G—Transfers during decedent's lifetime reported as non-taxable—Living Trust of 9–12–41; transfers to petitioner on Feb. 10, 1951 (note valued at $10,000.00) _____  None

| | |
|---|---|
| Total gross estate_____ | $1, 058, 992. 67 |

In the return the executrix claimed deductions under section 812(b) of $83,832.08 and under section 812(e) a marital deduction of $466,-570.18, and reported a net estate of $408,590.41 for the basic tax and $448,590.41 for the additional tax; and paid a tax thereon to the collector of internal revenue on October 7, 1952, of $116,177.18, being the total tax disclosed in and by the return.

Attached to and as a part of the return the executrix included therein a trust agreement dated September 12, 1941, between the decedent and the San Francisco Bank as trustee (hereinafter sometimes called the living trust), for the use and benefit of petitioner and her heirs. The executrix reported in Schedule G of the estate tax return "for disclosure purposes only" said living trust without value for purposes of the tax.

Petitioner was the principal beneficiary of the living trust dated September 12, 1941. Under the terms of the trust, income was to be accumulated until the beneficiary was 21 years of age. Thereafter, income was currently distributable to the beneficiary. Upon the beneficiary's reaching her 23d birthday, one-fourth of the corpus was to be distributed to her. On reaching her 25th birthday, one-third of the then remaining corpus was to be distributed to her. On reaching her 27th birthday, one-half of the then remaining corpus was to be distributed to her. On reaching her 30th birthday the balance of the corpus was to be distributed to her.

During the tenure of office of T. Coleman Andrews as Commissioner of Internal Revenue of the United States, and under his direction and instruction, an audit of the estate of decedent was made in accordance with the provisions of Code section 824, and as a result of said audit the gross estate was determined to be as follows:

| | |
|---|---|
| Schedule A—Real Estate_____ | $10, 000. 00 |
| Schedule B—Stocks and Bonds_____ | 838, 717. 00 |
| Schedule D—Insurance_____ | 44, 234. 00 |
| Schedule E—Jointly owned property_____ | 303, 099. 59 |
| Schedule F—Other Miscellaneous Property_____ | 51, 207. 08 |
| Schedule G—Transfers During Decedent's Lifetime (said note to petitioner)_____ | 10, 000. 00 |
| Gross estate_____ | 1, 257, 257. 67 |

Commissioner Andrews allowed deductions of $579,372.33, inclusive of a marital deduction of $405,155.59; determined the net estate to be $677,885.34 (exclusive of the specific exemptions of $100,000 for the basic tax and $60,000 for the additional tax); and imposed as a de-

ficiency an additional tax of $50,939.14, which was assessed on September 8, 1955, and paid to the collector by the executrix on October 3, 1955, after receipt of notice and demand therefor from the collector. The living trust of September 12, 1941, was reported in the estate tax return of the decedent as nontaxable, and this was not changed by the Commissioner.

The Commissioner did not on or prior to October 7, 1955, or at any other time, issue any notice of deficiency to said estate or to said executrix thereof, for any tax due under said chapter 3, except as set forth and stated above; nor did the Commissioner at any time commence or cause to be commenced any suit or proceeding in court for the imposition or collection of any tax due under chapter 3 from or against said estate or the executrix thereof at any time.

The period prescribed for the imposition of tax upon said estate under chapter 3 expired 3 years after October 7, 1952, the date the return was so filed, as specifically provided in section 874(a), and prior to October 7, 1955, all tax under said chapter then assessed upon the transfer of the net estate of decedent had been fully paid and discharged in and by such payments.

On September 6, 1956, the then Commissioner of Internal Revenue, Russell C. Harrington, mailed a statutory notice of deficiency and asserted a transferee liability against the petitioner as transferee, which is the principal subject matter of this petition. This deficiency so asserted by Commissioner Harrington added to the gross estate so determined by his predecessor, Commissioner Andrews, the property comprising the living trust dated September 12, 1941, having a value as of the date of death of $162,000. The gross estate so redetermined by Commissioner Harrington aggregated $1,419,257.67, and deductions totaling $679,372.33 (including an exemption of $100,000 under section 812(a)) allowed by his said predecessor were allowed by him, resulting in a net estate for the basic tax of $739,885.34, and for the additional tax [2] of $779,885.34. Commissioner Harrington redetermined a total, overall tax liability of $216,814.95, of which $167,116.32 has been paid by the executrix as aforesaid, and the balance of $49,698.63 asserted in the statutory notice of deficiency, less a gift tax credit of $1,392 which was not allowed in the statutory notice, remains unpaid and is represented by the deficiency which is the subject matter of the petition herein. In such redetermination by Commissioner Harrington, a marital deduction was allowed of $405,155.59.

Petitioner received the corpus of the living trust dated September 12, 1941, in the following installments:

---

[2] In determining the net estate for the additional tax, section 935(c) provides "that in lieu of the exemption of $100,000 provided in section 812(a), the exemption shall be $60,000."

One-fourth on June 28, 1948, or shortly thereafter, at which time petitioner was 23 years of age.

One-fourth on June 28, 1950, or shortly thereafter, at which time petitioner was 25 years of age.

One-fourth on June 28, 1952, or shortly thereafter, at which time petitioner was 27 years of age.

One-fourth on June 28, 1955, or shortly thereafter, at which time petitioner was 30 years of age.

The executrix of the estate of William P. Baker, under and subject to the jurisdiction of the Superior Court of the State of California, is now and, at all times since her appointment as such executrix, has been in possession and control of all of the property subject to testate and intestate disposition by the decedent, and none of said property has been distributed to any legatee or devisee of the decedent except two specific bequests in cash to third parties aggregating $10,000, distributed by the executrix pursuant to order duly given and made by the Superior Court, and at all times since the date of death of the decedent and now the market value of the property in the estate and in the hands of the executrix thereof is in excess of $700,000.

### OPINION.

The issues regarding the includibility of the undistributed corpus of the 1941 trust in the decedent's gross estate and the statute of limitations are the same here as in the companion case of *Melba Schuster*, 32 T.C. 998. Our decision in that case on these issues is controlling here.

The only question remaining for our decision in this case is whether petitioner is liable under section 900 as a "transferee" for the unpaid tax of $48,306.63. The term "transferee" is defined in section 900(e), as amended, as follows:

(e) DEFINITION OF "TRANSFEREE."—As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee, and includes a person who, under section 827(b), is personally liable for any part of the tax.[3]

Section 827(b),[4] as amended, names six classes of persons who, under certain circumstances, may be personally liable for the unpaid tax. These six classes are: (1) Spouse, (2) transferee, (3) trustee, (4) surviving tenant, (5) person in possession of the property by reason of the exercise, nonexercise, or release of a power of appoint-

---

[3] This definition is not all-inclusive. H. Rept. No. 2333, 77th Cong., 1st Sess.; S. Rept. No. 1631, 77th Cong., 2d Sess. 1942–2 C.B. 372, 495, 504, and 681.

[4] SEC. 827. LIEN FOR TAX.

(b) LIABILITY OF TRANSFEREE, ETC.—If the tax herein imposed is not paid when due, then the spouse, *transferee*, trustee, surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or *beneficiary*, who receives, or has on the date of the decedent's death, property included in the gross estate under section 811 (b), (c), (d), (e), (f), or (g), to the extent of the value, at the time of the decedent's death, of such property, *shall be personally liable for such tax*. * * * [Emphasis supplied.]

ment, and (6) beneficiary. Petitioner "is liable under this section only if it comes within one of these classifications." *Equitable Life Assurance Society*, 19 T.C. 264, 267. The respondent contends that petitioner falls into classes (2) and (6). Petitioner contends that she does not fall in any of these named classes. She contends that these named classes are the same persons who are described under section 811(b), (c), (d), (e), (f), or (g) and are listed in exactly the same order. In other words, petitioner contends that if property were included in the gross estate under section 811(b), "Dower or Curtesy Interests" the only person who would receive or hold the property would be the "spouse" of the decedent. If property were included in the gross estate under section 811(c), "Transfers in Contemplation of, or Taking Effect at, Death" the only person who would receive or hold the property would be the "transferee" of such transfer. If property were included in the gross estate under section 811(d) "Revocable Transfers" the only person who would receive or hold the property would be the "trustee" of the trust. If property were included in the gross estate under section 811(e), "Joint Interests" the only person who would receive or hold the property would be the "surviving tenant" of the joint tenants. If property were included in the gross estate under section 811(f), "Powers of Appointment" the only person who would receive or hold the property would be the "person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment." And, finally, if the property were included in the gross estate under section 811(g), "Proceeds of Life Insurance" the only person who would receive or hold the property would be the "beneficiary" of the life insurance policies.

It is obvious and petitioner concedes that she was a beneficiary of the 1941 trust. But she contends that being a beneficiary of the 1941 trust does not make her personally liable for the unpaid tax as either a "transferee" or as a "beneficiary" as those terms are used in section 827(b), as amended. She was not a transferee of any transfer made in contemplation of, or taking effect at, death. Neither was she a beneficiary of any life insurance proceeds included in the decedent's gross estate. *Equitable Life Assurance Society, supra.* The 1941 trust of which petitioner was a beneficiary was included in the gross estate under section 811(d) and as to such property petitioner contends that the only person made personally liable under section 827(b), as amended, for the unpaid tax was the trustee of the trust and not the beneficiary. See *Equitable Life Assurance Society, supra.* In *Melba Schuster, supra*, we held that the petitioner there was, under section 827(b), as amended, personally liable for the unpaid tax for the reason that the jointly owned property of over $303,000 which was included in the decedent's gross estate under

section 811(e) belonged to the "surviving tenant," Melba Baker, on the date of the decedent's death.

Section 827(b), as amended, is derived from section 209 of the Revenue Act of 1916, which in time became section 315(b) of the Revenue Act of 1926.[5] Section 315(b) of the 1926 Act was made the subject of extended litigation [6] in *Higley* v. *Commissioner*, 69 F. 2d 160 (C.A. 8, 1934), remanding our Memorandum Opinion filed July 20, 1932. In that case the decedent, Elmer A. Higley, died intestate in September 1926. There was no administration of his estate. About 4 years before his death he transferred practically all of his property to a corporation in return for its capital stock, which stock he then transferred to four trusts for the benefit of his wife and three children. After Elmer's death, one of his sons, Fred M. Higley, made a Federal estate tax return, disclosing the creation of the four trusts. The Commissioner determined that the four trusts were made in contemplation of death, determined a deficiency in estate tax, and proceeded to hold Fred personally liable either as a "transferee" or a "beneficiary" for the unpaid tax under section 315(b) of the 1926 Act. In holding that Fred did not come within the meaning of either "transferee" or "beneficiary" and was not personally liable for the tax, the Circuit Court of Appeals, among other things, said:

The section [315(b)] deals with two general classes of disposition, before death, of property by the decedent. The first of these is "transfers"; the second is "insurance." "Transfers" expressly include trusts. While cestui que trustent are ordinarily called "beneficiaries," both in legal and every-day speech, yet it is obvious the use of the word "beneficiary" in this section applies only to insurance policy beneficiaries. * * * If a trust beneficiary is to be personally liable under this section, it must be because he is a "transferee." In a broad sense, and irrespective of this section, such a beneficiary might be regarded as a "transferee" under a trust instrument. In the same sense, a trustee, who takes the entire legal title, is certainly a "transferee" under such an instrument. * * * The result is that the application of "transferee" to trust beneficiaries is at least doubtful and the statute in that respect ambiguous. In such a situation the beneficiary is entitled to a favorable construction because liability for taxation must clearly appear. [Citations.]

We followed the *Higley* decision by the Circuit Court in *Frances Biddle Trust*, 3 T.C. 832, 835, petition for review dismissed on motion of Commissioner September 20, 1945.

---

[5] SEC. 315(b). If (1) the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death (except in the case of a bona fide sale for an adequate and full consideration in money or money's worth) or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax * * *

[6] For later litigation of the *Higley* matter, not material here, reference is made to *Merchants National Bank of Cedar Rapids*, 38 B.T.A. 1343 (1938).

The first sentence of section 315(b) of the Revenue Act of 1926 was amended by section 803(c) of the Revenue Act of 1932,[7] and as so amended section 315(b) became section 827(b) of the 1939 Code. The Code was amended by section 411(a) of the Revenue Act of 1942 to read as it now stands, part of which we have set out in the margin in footnote 4 above. Section 411(b) of the Revenue Act of 1942 also amended section 900(e) of the 1939 Code to read as set out at the beginning of this opinion. These amendments were explained in H. Rept. No. 2333, 77th Cong., 1st Sess. (1942–2 C.B. 372, 495) as follows:

This section [sec. 411] clarifies and amends provisions of the Internal Revenue Code relating to the estate tax lien and transferee liability. Section 827(a) of the Code imposes a lien upon the gross estate of the decedent. The following subsection [sec. 827(b)] provides for a like lien upon assets received by certain persons. The latter provision is unnecessary and it is therefore eliminated. Subsection (b), as amended, contains a cross reference to the lien imposed by subsection (a), which continues to be applicable.

Section 827(b), as it now appears in the Code, in imposing personal liability for the tax refers only to transfers in contemplation of death or intended to take effect in possession or enjoyment at or after death, and life insurance in favor of a specific beneficiary. However, all the assets referred to in section 811 are treated equally for purposes of inclusion in the gross estate and the holders or recipients of all such assets are accordingly placed on the same plane of personal liability for the tax.

This section also makes more specific the definition of "transferee" in section 900(e) of the Internal Revenue Code, which, however, is not all-inclusive.

Substantially the same explanation of section 411 of the Revenue Act of 1942 was made in S. Rept. No. 1631, 77th Cong., 2d Sess. (1942–2 C.B. 504, 681).

The respondent contends that by the 1942 amendment of section 827(b) Congress intended to broaden the scope of the term "beneficiary" so as to make a beneficiary of a trust personally liable for the tax under section 827(b), as amended, where any part of the corpus of the trust was included in the gross estate under either section 811(c) or 811(d); and that the *Higley* decision, *supra*, is no longer applicable. We do not agree. We do not think petitioner comes within any of the six designations listed in section 827(b), as amended, as being personally liable for the unpaid tax. *Equitable Life Assurance Society*, *supra*. It may be noted that the statute provides that the person to be held as personally liable is the person "who *receives*, or *has* on the *date* of the decedent's death" the property included in the gross estate under section 811 (b) to (g), inclusive. It was the "trustee" of the 1941 trust who "on the date of the decedent's death" held the property in question and not the petitioner.

[7] The purpose of this amendment was to bring section 315(b) into agreement with section 302(c) of the 1926 Act. as amended. H. Rept. No. 708, 72d Cong., 1st Sess. (1939–1 C.B. (Part 2) 457, 490, 491).

It might be argued that since Congress used the words "who receives * * * property" includible in the gross estate under the named subsections of section 811, petitioner falls within the section because she received property includible in the gross estate under section 811(d). We believe, however, that Congress used the word "receives" to take care of property received by persons solely because of decedent's death such as insurance proceeds or property which was not in the possession of one of the persons described in section 827(b), as amended, at the moment of the decedent's death, but who immediately received such property solely because of the decedent's death. If there is any doubt as to the meaning of the statute in that respect, that doubt must be resolved in petitioner's favor. *Higley* v. *Commissioner, supra,* and cases therein cited.

The respondent next contends that if we hold against him on the point just considered, then certainly the trustee of the 1941 trust was personally liable under section 827(b), as amended, and was therefore a transferee within the definition in section 900(e), as amended; and that since the trustee, after the decedent's death, transferred to petitioner under the terms of the trust all of the remaining corpus of the 1941 trust that has been included in the decedent's gross estate under section 811(d) petitioner thus became a "transferee of a transferee and therefore a transferee within the meaning of *section 827(b).*" We do not agree with this contention. In *Equitable Life Assurance Society, supra,* we said:

Viewed categorically, the two terms, trustee and transferee, are subject to multiple and varied interpretations, but when such terms are employed in a technical provision of statutory law they take on a more definite and restrictive meaning supplied by the context of the particular section of which they are a part. In a single sentence of section 827(b) it is provided that there may be liable six classifications of persons who hold property includible in the estate under six specific subsections of section 811 of the Code. We believe that the authors of this provision, desirous that the holders of the property under each of these subsections should be liable, studiously chose a classification applicable to each of such subsections and included them in section 827(b) in the same order as the related property interests appear in subsections (b) through (g), inclusive, of section 811. * * *

Under this more definite and restrictive meaning, the term "transferee" as used in section 827(b), as amended, can only mean the person who "on the date of the decedent's death" receives or holds the property of a transfer made in contemplation of, or taking effect at, death, and petitioner is not such a person. We hold that petitioner is not a "transferee" as that term is used in section 827(b), as amended. *Equitable Life Assurance Society, supra.* Neither do we think the definition given in section 900(e), as amended, includes petitioner, since she was not an heir, legatee, devisee, distributee, or person personally liable for any part of the tax under section 827(b), as amended. The respondent makes no argument that petitioner is a

transferee under the provisions of section 900 of the Code, other than by virtue of being a transferee within the meaning of section 827(b), as amended. Accordingly, we need give no further consideration to section 900. Cf. *Equitable Life Assurance Society, supra.*

We hold that petitioner is not liable under section 900 as a "transferee" for the unpaid tax. The respondent's determination is, therefore, disapproved.

*Decision will be entered under Rule 50.*