FIRST WESTERN BANK AND TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65147. Filed July 31, 1959.

*William D. McKee, Esq.,* for the petitioner.
*Nat F. Richardson, Esq.,* for the respondent.

ARUNDELL, *Judge:* Respondent determined for assessment against petitioner the amount of $49,698.63, plus interest as provided by law, as constituting petitioner's liability as transferee and trustee of property of the estate of William P. Baker, deceased. Petitioner contests the entire determination. Errors have been assigned from (a) to (l). The assignments are grouped and summarized as follows:

1. Respondent erroneously included in the decedent's gross estate the undistributed corpus of an inter vivos trust dated September 12, 1941;

2. Respondent's determination is barred by the statute of limitations;

3. Respondent erred in determining that the transfer of a promissory note to Melba Baker in the amount of $10,000 was a transfer in contemplation of death;

4. Respondent erred in determining that petitioner is a transferee and trustee of any portion of the property included in the gross estate of the decedent, and in determining that petitioner is liable as a transferee and trustee for the alleged deficiency of estate tax in the amount of $49,698.63, or any other amount, or any interest thereon;

5. Respondent erred in failing to allow credit against the alleged estate tax for Federal gift taxes paid at the time of the creation of the inter vivos trust dated September 12, 1941;

6. Respondent erred in failing to allow the family allowance ordered by the California court as a part of the marital deduction from decedent's gross estate.

Respondent in his brief concedes that petitioner's transferee and trustee liability is $48,306.63 instead of $49,698.63 which is due to an

additional credit for Federal gift taxes for the difference. This concession disposes of assignment 5 above.

### FINDINGS OF FACT.

The stipulation of facts, together with the attached exhibits, is found as stipulated and is incorporated herein by reference.

Petitioner is a California banking corporation, the principal office of which is located in the city and county of San Francisco. The former name of petitioner was the San Francisco Bank.

The estate tax return of William P. Baker, deceased, was filed with the collector of internal revenue, now district director, for the first district of California, on October 7, 1952.

On September 12, 1941, William P. Baker entered into a written trust agreement with petitioner as trustee pursuant to which he transferred to petitioner 4,000 shares of the capital stock of Regal Amber Brewing Company for the benefit of his daughter, Patricia Marie Baker (now Patricia Baker Englert).

Under the terms of the trust the trust was to terminate and the property remaining in trust was to be distributed to the beneficiary on June 28, 1955, when the beneficiary reached the age of 30 years.

Baker died on July 11, 1951, at which time the value of the property remaining in trust was $162,000.

Melba D. Baker (now Melba Schuster), as executrix of the estate of William P. Baker, deceased, filed the Federal estate tax return for the estate.

A copy of the trust agreement between petitioner and Baker was filed with the estate tax return filed by the executrix and the position was taken in the return that the trust was not taxable.

In due course the Commissioner of Internal Revenue audited the Federal estate tax return of the estate of William P. Baker, deceased, and determined that the trust was not taxable but made certain other adjustments resulting in an increase in estate tax.

The additional estate tax as so determined by the Commissioner to be due was assessed and paid by the estate prior to the expiration of the statute of limitations.

The statute of limitations for the assessment of additional estate tax against the estate expired on October 7, 1955, without any further deficiency against the estate being assessed or asserted prior thereto or at any time thereafter.

Under date of December 10, 1954, petitioner informed the beneficiary, Patricia Baker Englert, that the trust would terminate on June 28, 1955, and requested information evidencing the payment of any applicable gift or estate taxes relating to the trust.

Under date of December 13, 1954, petitioner received information which reasonably satisfied it that applicable gift taxes had been paid at the time the trust was established.

Later, in the spring of 1955, petitioner received information which reasonably satisfied it that all estate taxes which were due had been paid.

On or before August 9, 1955, in accordance with the terms of the trust and in reliance upon the information which it had received concerning the payment of gift and estate taxes, petitioner distributed to Patricia Baker Englert the balance of the corpus and income of the trust in its hands and closed its files with respect thereto.

On September 6, 1956, more than a year following the distribution by petitioner of the trust corpus, the petitioners in this case and in the two cases[1] consolidated with it (for trial purposes only) received statutory notices of an additional deficiency in estate taxes determined to be due with respect to the estate of William P. Baker, deceased. In the statutory notice of deficiency petitioner was alleged to be liable "as transferee and trustee of property of the estate of William P. Baker, Deceased."

The estate of William P. Baker, deceased, has not been finally distributed and at all times since the decedent's death has had and now has assets of many times the amount of the claimed deficiency.

Melba Schuster, the petitioner in Docket No. 65075, has received and presently owns in her individual capacity property includible in the gross estate of William P. Baker, deceased, of a value substantially in excess of the amount of the asserted deficiency.

Patricia Baker Englert, the petitioner in Docket No. 65073, has received and presently owns the property constituting the corpus of the trust alleged to be includible in the gross estate of William P. Baker, deceased, which is of value substantially in excess of the amount of the asserted deficiency.

Petitioner in this case does not now have and at no time subsequent to August 9, 1955, has had any assets at any time belonging to Baker or his estate.

The correct credit for gift taxes allowable in computing the asserted deficiency in estate tax, if any, is $4,120.13 instead of $2,728.13 as shown in the notice of deficiency.

OPINION.

The issues regarding the includibility of the undistributed corpus of the 1941 trust in the decedent's gross estate and the statute of limitations (assignments 1 and 2) are the same here as in *Melba Schuster*, 32 T.C. 998. Our decision in that case on these issues is controlling here.

---

[1] Melba Schuster, Docket No. 65075, and Patricia B. Englert, Docket No. 65073.

No evidence was offered as to assignment 3. The issue was not raised in the companion cases of *Melba Schuster*, *supra*, and *Patricia B. Englert*, 32 T.C. 1008. We hold that no error was committed by the respondent in this regard.

Assignment 4 presents the real issue in this proceeding, namely, whether petitioner is liable as "transferee and trustee of property of the estate of Willam P. Baker, Deceased" (statutory notice) for the unpaid estate tax of $48,306.63. In our opinion, petitioner is so liable under the plain provisions of sections 900(e) and 827(b) of the Internal Revenue Code of 1939, as amended. Section 900(e), as amended, defines the term "transferee" as including "a person who, under section 827(b), is personally liable for any part of the tax." Section 827(b), as amended, provides:

> If the tax herein imposed is not paid when due, then the spouse, transferee, *trustee*, surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, *or has on the date of decedent's death, property included in the gross estate under section 811* (b), (c), (d), (e), (f), or (g), *to the extent of the value at the time of the decedent's death*, of such property, *shall be personally liable for such tax*. [Emphasis supplied.]

The tax here in question was not paid when due. At the time of the decedent's death, petitioner was "trustee" of the trust created by the decedent on September 12, 1941, and at that time had in its possession property of the trust of a value of $162,000 which has been included in the decedent's gross estate under section 811(d) of the Internal Revenue Code of 1939. It follows under the plain provisions of the statute that petitioner is personally liable for such tax and is a "transferee" as that term is defined in section 900(e), as amended. The liability is a liability "at law" and should be "assessed, collected, and paid" in the manner provided in section 900(a)(1)[2] of the 1939 Code.

Petitioner in its reply brief contends that "[s]ince it was not a trustee at the time of receipt of the statutory notice, petitioner is not included in the class of persons referred to in Section 827(b)." This is not what section 827(b), as amended, says. The crucial time there mentioned is the date of the decedent's death and not the date of the statutory notice. We sustain the respondent's determination on this issue.

---

[2] SEC. 900. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this subchapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a decedent, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this subchapter.

Petitioner made no reference to assignment 6 in its briefs other than to incorporate by reference the arguments being made in the companion cases of *Melba Schuster*, *supra*, and *Patricia B. Englert*, *supra*, "[w]hich have equal application to all three petitioners, or are applicable to this petitioner." This same issue regarding the respondent's failure to allow the family allowance as a part of the marital deduction was conceded by the petitioner in *Patricia B. Englert*, *supra*, on the basis of our decision in *Estate of Edward A. Cunha*, 30 T.C. 812, which was decided subsequent to the trial of these cases. We hold that the *Cunha* case is controlling here and decide this issue for the respondent.

*Decision will be entered under Rule 50.*