OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2630–66.  Filed August 12, 1968.

*A. R. Kimbrough* and *James M. Cowley*, for the petitioner.
*Marion Malone*, for the respondent.

DRENNEN, *Judge:* The Commissioner caused a notice of liability to be issued to petitioner in which a liability of $14,317.83 plus interest was determined for assessment against petitioner, which amount was alleged to be petitioner's liability as a fiduciary for U.S. estate tax due from the Estate of Louis Rotenberg (hereinafter called the estate). It has been stipulated that since petitioner has paid over to respondent all amounts accruing to the estate from petitioner since August 29, 1963, and is willing to pay over all amounts accruing after April 11, 1966, petitioner is entitled to a setoff of all said amounts against any liability imposed upon it by the decision rendered herein.

The sole issue for decision is whether petitioner is liable as a fiduciary for estate taxes that were due to the United States from the estate in the amount of the estimated renewal commissions that might become payable to the Estate of Louis Rotenberg on insurance policies written for petitioner by Rotenberg prior to his death.

---

[5] This case appears to deal with the facts involved in *Palmquist* v. *Palmquist*, 27 Cal. Rptr. 744 (1963).

## FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated herein by this reference.

Petitioner is a corporation engaged in the business of selling life and other insurance in the United States and Canada, with its principal office in Los Angeles, Calif. Louis Rotenberg was a resident and citizen of Canada who died on December 24, 1961, and had, for some years prior to his death, sold life insurance for petitioner in Canada. Petitioner learned of Rotenberg's death no later than December 29, 1961.

At the date of Rotenberg's death, there were a number of petitioner's life insurance policies in force that he had sold. Rotenberg's compensation from commissions on policies sold by him was dependent upon the period for which the policies remained in force and premiums were paid thereon, because renewal commissions were paid with respect to policies for some years after they were sold, providing that the policies were kept in force and premiums were paid thereon. Renewal commissions became payable only as premiums were paid.

Rotenberg's last will and testament was admitted to probate in the County of York, Province of Ontario, Canada. His wife and two daughters, all of whom were residents and citizens of Canada, were appointed executrices of his estate. At no time was petitioner appointed as an executor or other fiduciary for the estate, either in Canada or the United States.

Between December 24, 1961, and March 16, 1962, petitioner was asked by representatives of the estate for a valuation of the renewal commissions that were likely to accrue to the account of Rotenberg on petitioner's insurance policies sold by him prior to his death. On March 19, 1962, petitioner responded with an estimate of approximately $25,000. However, on March 29, 1962, petitioner's Canadian office questioned that estimate and a revised valuation of $14,922.18 (Canadian) was arrived at, which was based on Rotenberg's own persistency experience and was cleared with petitioner's employees who were conversant with this type of valuation problem.

On July 16, 1962, the executrices of the estate filed with respondent a Nonresident Alien Estate Tax Return, Form 706NA. The assets subject to U.S. estate tax reported on that return were (a) securities of U.S. corporations held by Rotenberg at the time of his death in street form in Toronto, Canada, of a value of approximately $152,833.13, and (b) the estate's claim against petitioner for renewal commissions which might accrue to the estate, reported in the amount of $14,992.18 in Canadian dollars. The return reported a liability to the United States for estate tax in the amount of $27,096.92. The estate tax was ultimately

assessed in the amount of $32,071.56, which the estate apparently did not pay.[1]

Petitioner was not aware of the fact that the estate had filed the nonresident alien estate tax return; nor was it aware that Rotenberg had any assets subject to U.S. estate tax except the value of the renewal commissions which might become due to the estate from petitioner. Petitioner did not file a Form 705, as prescribed under section 6036 of the Internal Revenue Code.[2]

Pursuant to its policy, petitioner did not pay to the estate any renewal commissions which became due on insurance written by Rotenberg until advised to do so by its legal department, which advice was forthcoming upon release by the Canadian tax authorities with reference to the Canadian succession tax. Between September 18, 1962, and August 29, 1963, petitioner paid to the estate, by 16 checks written either to the estate or to Rotenberg, a total of $8,355.78 in Canadian dollars and $32.40 in United States dollars, covering renewal commissions that had accrued between December 24, 1961, and August 29, 1963, on policies written by Rotenberg.

On August 29, 1963, respondent served on petitioner a notice of levy on all property belonging to the estate for payment of U.S. estate tax. This was the first notice of any kind served by respondent on petitioner with respect to the estate's tax liability and was petitioner's first actual notice of any U.S. estate tax liability of the estate. Respondent served four additional such levies on petitioner, the last being dated April 11, 1966. Pursuant to such levies petitioner made payments to respondent totaling $5,699.27 Canadian dollars and $31.96 United States dollars from amounts accruing to the estate as renewal commissions subsequent to the date of the first levy. Petitioner has made no further payments to the estate since it was served with the first notice of levy.

On March 2, 1966, respondent caused a notice of liability to be issued to petitioner in which a liability of $14,317.83 (the estimated value of the renewal commissions—$14,922.18 in Canadian dollars— stated in United States dollars) plus interest was determined for assessment against petitioner, which amount was alleged to be petitioner's liability as a fiduciary for estate tax due from the estate. The parties stipulated that if it is determined that petitioner is liable for any of the amount claimed, petitioner is entitled to a setoff of all amounts it has paid to the United States under the levies. Petitioner also argues that the estimated value of $14,922.18 Canadian dollars is not the

---

[1] The record does not indicate clearly that the U.S. estate tax was not paid by the estate but both parties argue the case as though this was a fact.

[2] All references to the Internal Revenue Code are to the Internal Revenue Code of 1954.

amount to be used in determining its liability, if any, because that estimated value must be discounted for the time over which the renewal commissions might become payable to the estate. However, in the light of our conclusions herein we need not reach the latter issue.

OPINION

Respondent's argument on brief in support of his determination that petitioner is personally liable for the estate tax due from the estate to the extent of property owned by or accruing to the estate and paid out by petitioner prior to satisfaction of the estate tax liability is just that, i.e., brief. He argues that liability for payment of estate tax is imposed upon the executor under section 2002 of the Code; that under section 2203 the term "executor" is defined as the duly appointed executor or administrator of the estate, or if there is no duly appointed and acting U.S. fiduciary, then any person in actual or constructive possession of any property of the decedent; that inasmuch as there was no duly appointed U.S. fiduciary acting for the estate, and petitioner was in possession of property owned by the estate, petitioner qualifies as an executor of the estate and was liable for payment of a portion of the estate tax due from the estate; and that, *ergo*, inasmuch as petitioner paid out funds due to the estate before satisfaction of the estate tax liability, petitioner is personally liable to the United States to the extent of the funds so paid out under section 3467 of the Revised Statutes of the United States (31 U.S.C. sec. 192).

We cannot accept respondent's argument. It suffers from "gapitis." Section 2002 [3] of the Code, simply provides that the tax imposed by that chapter, the estate tax, shall be paid by the executor. It imposes no personal liability for the tax on the executor. And while petitioner may qualify under the definition of "executor" contained in section 2203,[4] that definition applies to the term "executor" only as used in "this title" (title 26, U.S.C.) in connection with the estate tax imposed by "this chapter." Respondent points to no provision in title 26 which imposes personal liability upon the "executor" for the estate tax.[5]

---

[3] SEC. 2002. LIABILITY FOR PAYMENT.

The tax imposed by this chapter shall be paid by the executor.

[4] SEC. 2203. DEFINITION OF EXECUTOR.

The term "executor" wherever it is used in this title in connection with the estate tax imposed by this chapter means the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent.

[5] In his reply brief respondent refers to sec. 6324(a)(1) of the Code in discussing the requirement for notice. Respondent did not argue that petitioner was personally liable for the tax under sec. 6324(a)(2). See *Equitable Life Assurance Society*, 19 T.C. 264; *Patricia B. Englert*, 32 T.C. 1008.

Section 2002 provides for administrative purposes that the tax shall be paid by the executor; this cannot be interpreted to impose personal liability for the tax on the executor.

Respondent seems to acknowledge that we must look to section 192 of title 31, U.S.C.,[a] to determine the personal liability of the executor or other fiduciary. That section provides that every executor or other person who pays, in whole or in part, any debt due by the estate for which he acts before he satisfies and pays debts due to the United States from such estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due and unpaid. We agree that it is to this provision that we must look to determine whether petitioner is personally liable for the estate tax due from the estate—and it becomes immaterial for this purpose whether petitioner qualifies as a statutory executor for purposes of title 26 under section 2203 of the Code. This finds support in section 6901, of the Code, which provides, in part, that the liability of a fiduciary under section 3467 of the Revised Statutes (31 U.S.C. sec. 192) in respect of the payment of any tax described in subparagraph (A) (which includes the estate tax) from the estate of the decedent shall be collected in the same manner as the taxes with respect to which the liabilities were incurred. (See also sec. 20.2002–1, Estate Tax Regs.)

Under section 192 of title 31 petitioner would be personally liable for the estate tax due from the estate only to the extent that it paid "any debt due by the person or estate for whom or for which he acts." Petitioner has paid no debt due by Rotenberg or the estate, and it is very questionable that petitioner could be considered as acting for the estate in any capacity. All petitioner has done was to pay its own obligations to the estate as they became due. It can hardly be said that petitioner was acting for the estate in a fiduciary capacity in making these payments.

Section 192 of title 31 is penal in nature and should be limited in its application to those clearly intended to be covered by its provisions. See *Irving Trust Co.*, 36 B.T.A. 146; *Livingston* v. *Becker*, 40 F. 2d 673 (E.D. Mo. 1929) ; 3 Casey, Federal Tax Practice, par. 12.55. The persons to whom it is made applicable are executors, administrators, assignees, or other persons. While this language is rather general, it has been held to refer to persons to whom the possession and control of property of an insolvent or estate is given who is charged with the duty of applying it to the payment of the debts of the insolvent or

---

[a] SEC. 192. LIABILITY OF FIDUCIARIES.

Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due * * * and unpaid. * * *

estate as the rights and priorities of creditors appear. *King* v. *United States*, 379 U.S. 329; *Bramwell* v. *U.S. Fidelity Co.*, 269 U.S. 483. It can hardly be said that petitioner meets that description.

But even assuming that petitioner is an executor or other person as contemplated by section 192 of title 31, we would still hold for petitioner because the operative language of the section would not fix liability on petitioner. Petitioner has not discharged debts due by the estate in preference to taxes due to the United States by the estate. The payments were not made, as respondent suggests, to legatees of the estate; they were made to the estate itself. And it would be an unwarranted effort to force the facts of this case into the language of the statute to say that petitioner fulfilled its own obligation out of assets of the estate, because by paying the renewal commissions to the estate it was paying its own debts. This Court has held that such action does not fall within the statute. *Edward G. Leuthesser*, 18 T.C. 1112.

We conclude that petitioner is not liable out of its own assets for the estate tax due by the estate under section 192 of title 31, and that section 2002 of the Code imposes no personal liability on petitioner for payment of the estate tax whether petitioner qualifies as an "executor" under section 2203 or not.

It is true that petitioner failed to file the notice of qualification as an executor (Form 705) which it may have been obligated to file under section 6036 of the Code, assuming it qualified as a statutory executor under section 2203 of the Code. However, that section imposes no personal liability for the tax on the executor for failure to file the notice. The penalty for failure to file the notice is specifically provided for under section 7269 of the Code. It is also obvious in this case that respondent was put on actual notice that petitioner had or might come into possession of property of the estate before petitioner made any payment to the estate. The nonresident alien estate tax return filed by the estate, which reported the estimated value of petitioner's future obligation to the estate as an asset of the estate, was filed with respondent on July 16, 1962; the first payment made by petitioner to the estate was on September 18, 1962.

Both parties either allude to or discuss on brief whether petitioner had notice of the estate's obligation to the United States. Although notice is not mentioned in section 192 of title 31, the cases establish that actual or constructive notice of the obligation to the United States is a prerequisite to personal liability under that section. See *Irving Trust Co.*, *supra; Livingston* v. *Becker, supra;* Rev. Rul. 66–43, 1966–1 C.B. 291. We think it is clear from the record that petitioner had no actual notice of the obligation of the estate for U.S. estate tax until it was served with the first notice of levy on August 29, 1963. And we think it is quite doubtful that petitioner could be found to have had

constructive notice of the obligation until that time. Petitioner was not aware that Rotenberg had any assets other than its own estimated obligation for renewal commissions that would be subject to U.S. estate tax, and the amount of its estimated obligation, which was not due or payable until earned subsequent to Rotenberg's death, was less than the $15,000 of U.S. assets that are exempt from tax in the estate of a Canadian resident under the provisions of the United States-Canada Estate Tax Convention dated February 17, 1961. However, we believe the issue of notice would achieve significance in this case only if petitioner comes within the definition of executor and within the operative language of section 192 of title 31, which we find it does not.

We conclude that petitioner is not liable for payment of the U.S. estate tax owing by the estate out of its own assets.

*Decision will be entered for the petitioner.*