114 T.C. No. 5

UNITED STATES TAX COURT

FRANK ARMSTRONG, III, TRANSFEREE, ET AL.,[1] Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7267-98, 7269-98,        Filed February 28, 2000.
        7270-98, 7274-98.


        D transferred a substantial portion of his assets
to Ps within 3 years of his death.  After paying the
Federal gift taxes associated with these gifts, D was
nearly insolvent.  Following D's death, R determined a
deficiency in Federal estate tax due from D's estate
attributable to the estate's failure to include in the
gross estate the gift taxes that D paid on the
aforementioned gifts.  See sec. 2035(c), I.R.C.  R
subsequently issued notices of transferee liability to
Ps who filed timely petitions for redetermination with
the Court.  Ps filed motions for partial summary
judgment alleging that they are not liable as
transferees as a matter of law.

---

        [1]  Cases of the following petitioners are consolidated
herewith: William Armstrong, Transferee, docket No. 7269-98;
Gretchen A. Redmond, Transferee, docket No. 7270-98; JoAnne
Armstrong-Jones, f.k.a. JoAnne A. Strader, Transferee, docket No.
7274-98.

    Held: Ps are transferees of property the value of which is treated as if included in D's gross estate pursuant to sec. 2035(d)(3)(C), I.R.C., and are, to the extent of the value of such property at the time of D's death, personally liable for unpaid estate taxes pursuant to sec. 6324(a)(2), I.R.C. Held, further, Ps' motions for partial summary judgment will be denied.

Charles S. McCandlish and Aubrey J. Owen, for petitioners.

Cheryl M.D. Rees, for respondent.


OPINION

DAWSON, Judge: These cases were assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[2] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: These cases are before the Court on petitioners' Motions for Partial Summary Judgment. Petitioners contend that they are entitled to summary judgment that they are not liable as transferees. As discussed in detail below, we will deny petitioners' motions.

---

[2] Section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Background

The material facts in these cases are not in dispute. During 1991 and 1992, Frank Armstrong, Jr. (decedent), transferred a substantial amount of stock in National Fruit Product Co., Inc., to his children and grandchildren, including Frank Armstrong III, JoAnne Armstrong-Jones, Gretchen A. Redmond, and William Armstrong (hereinafter petitioners). Decedent was nearly insolvent after paying $4,680,283 in Federal gift taxes attributable to the stock transfers. Decedent died on July 29, 1993--within 3 years of the aforementioned transfers.

Respondent subsequently issued a notice of deficiency to the Estate of Frank Armstrong (the Armstrong estate) determining a deficiency in estate tax of $2,350,071. The deficiency is attributable to respondent's determination that the estate failed to include in the gross estate the gift taxes that decedent had paid on the above-described transfers as required under the so-called gross-up rule prescribed in section 2035(c).[3] The estate

---

[3] Sec. 2035(c) provides in pertinent part:

(c) Inclusion of Gift Tax on Certain Gifts Made During 3 Years Before Decedent's Death.--The amount of the gross estate (determined without regard to this subsection) shall be increased by the amount of any tax paid under chapter 12 by the decedent or his estate on any gift made by the decedent or his spouse after December 31, 1976, and during the 3-year period ending on the date of the decedent's death.

(continued...)

filed a timely petition for redetermination (assigned docket No. 1118-98).

Respondent issued separate notices of transferee liability to petitioners stating that, as transferees, petitioners each are liable for $1,968,213 (the value of the stock that decedent transferred to each petitioner) in respect of the estate tax deficiency of $2,350,071 due from the estate. Petitioners filed timely petitions for redetermination contesting the notices of transferee liability.

Petitioners move for partial summary judgment asserting that they are not liable as transferees as a matter of law.[4] Respondent maintains that petitioners are subject to transferee liability for the Armstrong estate tax deficiency pursuant to section 6324(a)(2).

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp.

---

[3](...continued)
The gift tax is imposed on the value of the property transferred to the donee and does not include the money used to pay the tax. In contrast, the estate tax base includes the money ultimately used to pay the estate tax. For gifts made within 3 years of death, the sec. 2035(c) gross-up rule is designed to eliminate this disparity between the gift tax and the estate tax.

[4] In the event that their motions are denied, petitioners intend to contest the amount of the estate tax deficiency due from the estate and the amount of their personal liability.

v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6901 sets forth the procedures that are applicable prior to the assessment and collection of an income, estate, or gift tax liability from a transferee.  Section 6901(a)(1)(A)(ii) provides:

SEC. 6901.  TRANSFERRED ASSETS.

(a) Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) Income, estate, and gift taxes.--

(A) Transferees.--The liability, at law or in equity, of a transferee of property--

    *        *        *        *        *        *        *

> (ii) of a decedent
> in the case of a tax
> imposed by chapter 11
> (relating to estate
> taxes) * * *.

When proceeding pursuant to section 6901(a), respondent generally may not assess or attempt to collect an estate tax deficiency from a transferee without first following the normal deficiency procedures set forth in sections 6211 to 6216.  See, e.g., Estate of Frost v. Commissioner, T.C. Memo. 1993-94.

Section 6901(h) defines the term "transferee" as follows:

> SEC. 6901(h) Definition of Transferee.--As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee, and with respect to estate taxes, also includes any person who, under section 6324(a)(2), is personally liable for any part of such tax.  [Emphasis added.]

Although section 6901(a) sets forth the procedures to be followed in transferee liability cases, the existence and extent of a transferee's substantive liability is established under section 6324(a)(2).  See Schuster v. Commissioner, 312 F.2d 311, 315 (9th Cir. 1962), affg. 32 T.C. 998 (1959), and revg. First Western Bank & Trust Co. v. Commissioner, 32 T.C. 1017 (1959) (interpreting section 827(b) of the Internal Revenue Code of 1939--a predecessor of section 6324(a)).  Section 6324(a) provides in pertinent part:

(a) Liens for Estate Tax.--Except as otherwise provided in subsection (c)--

(1) Upon Gross Estate.--Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.

(2) Liability of Transferees and Others.--If the estate tax imposed under chapter 11 is not paid when due, then the * * * transferee * * * who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such * * * transferee * * * to a purchaser or holder of a security interest shall be divested of the lien provided in paragraph (1) and a like lien shall then attach to all the property of such * * * transferee * * *, except any part transferred to a purchaser or a holder of a security interest.   [Emphasis added.]

In sum, in the event that a decedent's estate taxes are not paid when due, section 6324(a)(1) imposes a 10-year lien on the gross estate, and section 6324(a)(2) imposes personal liability upon transferees of property included in the decedent's gross estate under sections 2034 to 2042 and provides for the imposition of a

lien on the transferee's separate property in the event the transferee should transfer any part of such property received from the decedent.

Section 6324(a)(2) provides that a transferee's liability for unpaid estate taxes is limited to the value of the property that is included in the decedent's gross estate under sections 2034 to 2042 and transferred to the transferee as measured at the time of the decedent's death. However, a transferee's liability is not conditioned on either the exhaustion of remedies for collection against the estate or the estate's insolvency. See Schuster v. Commissioner, 312 F.2d at 315; Equitable Life Assurance Society v. Commissioner, 19 T.C. 264, 269 (1952); Estate of Callahan v. Commissioner, T.C. Memo. 1981-357.

Relying on the portion of section 6901(a) which states that the Commissioner may only assess and collect an estate tax deficiency from a transferee "in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred", petitioners first contend that they are not liable for the Armstrong estate tax deficiency inasmuch as the stock that decedent transferred to them was not the source of the deficiency. Petitioners reason that if there is no estate tax directly related to decedent's

stock transfers, respondent is barred from attempting to collect such taxes from them.

Petitioners' reliance on section 6901(a) as the basis for defining the scope of their liability as transferees is misplaced. As previously discussed, section 6901(h) defines a transferee in pertinent part as "any person who, under section 6324(a)(2), is personally liable for any part of such tax." Section 6324(a) in turn establishes the existence and extent of a transferee's substantive liability. See Schuster v. Commissioner, supra. In contrast, section 6901(a) merely prescribes the procedures that respondent must follow in assessing and collecting taxes from transferees under that section. See id. Thus, although section 6901(a) provides that respondent must follow the normal deficiency procedures before assessing and collecting estate taxes from a transferee, the provision does not define or otherwise restrict a transferee's substantive liability as petitioners contend.

Petitioners argue in the alternative that they are not liable as transferees under section 6324(a)(2) on the ground that they did not receive property that is includable in the gross estate pursuant to sections 2034 through 2042. Petitioners emphasize that the estate tax deficiency is attributable solely

to the estate's failure to include in the gross estate pursuant to section 2035(c) the amount of the gift tax that decedent paid with respect to the stock transfers.

Respondent counters that petitioners are personally liable for the estate tax deficiency pursuant to section 6324(a)(2) inasmuch as section 2035(d)(3)(C) provides that the value of the stock that petitioners received from decedent is treated as if it were included in the gross estate for purposes of section 6324(a)(2).

Section 2035 provides in pertinent part:

> SEC. 2035(a) Inclusion of Gifts Made by Decedent.--Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3-year period ending on the date of the decedent's death.
>
>    *        *        *        *        *        *        *
>
>   (d) Decedents Dying After 1981.--
>
>      (1) In general.--Except as otherwise provided in this subsection, subsection (a) shall not apply to the estate of a decedent dying after December 31, 1981.
>
>    *        *        *        *        *        *        *
>
>      (3) 3-Year Rule Retained for Certain Purposes.--Paragraph (1) shall not apply for purposes of-

(A) section 303(b) (relating to distributions in redemption of stock to pay death taxes),

(B) section 2032A (relating to special valuation of certain farm, etc., real property), and

(C) subchapter C of chapter 64 (relating to lien for taxes).

Section 2035(d)(3)(C) provides that the value of any gift made within 3 years of death is included in the gross estate for purposes of subchapter C of chapter 64.  Section 6324(a)(2) falls under subchapter C of chapter 64.

Petitioners assert that respondent's interpretation of section 2035(d)(3)(C) is flawed in that respondent has ignored the parenthetical language "(relating to lien for taxes)."  In petitioners' view, the parenthetical language limits the application of section 2035(d)(3)(C) by providing that gifts made within 3 years of death are treated as if they are included in the gross estate only for purposes of a lien provision contained in subchapter C of chapter 64--such as section 6324(a)(1).[5] Petitioners argue that the first sentence of section 6324(a)(2) is a personal liability provision, as opposed to a lien

---

[5]  Sec. 6324(a)(1), quoted supra at p. 6, provides that property included in the gross estate shall be subject to a 10-year lien for unpaid estate taxes.

provision, and therefore the value of decedent's gifts is not included in the gross estate for purposes of determining whether petitioners are personally liable as transferees.

Petitioners further contend that the legislative history of section 2035(d)(3)(C) supports their position.  Section 2035(d) was enacted by section 424 of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 317.  Petitioners rely on H. Rept. 97-201, at 187 (1981), 1981-2 C.B. 352, 390, which explains the addition of section 2035(d)(3)(C) as follows:  "[A]ll transfers within 3 years of death (other than gifts eligible for the annual gift tax exclusion) will be included [in the gross estate] * * * for purposes of determining property subject to the estate tax liens (under subchapter C of Chapter 64)".

Based upon our review of the plain language of section 2035(d)(3)(C), and the background of section 6324(a)(2), we agree with respondent that petitioners are liable as transferees in these cases.  The legislative history cited by petitioners does not persuade us otherwise.

Initially, we reject petitioners' contention that the parenthetical language "(relating to lien for taxes)" contained in section 2035(d)(3)(C) limits the application of the provision to what petitioners consider to be traditional lien provisions.

Significantly, each of the subparagraphs in section 2035(d)(3) contains parenthetical language. In each case, the parenthetical language is simply an abbreviation of the title of the section or subchapter referred to therein. For example, section 2035(d)(3)(A) provides that gifts made within 3 years of death shall be included in the gross estate for purposes of "section 303(b)(relating to distributions in redemption of stock to pay death taxes)". Like the parenthetical language, the title of section 303 is "Distributions In Redemption Of Stock To Pay Death Taxes." Similarly, the parenthetical language in section 2035(d)(3)(C), "(relating to lien for taxes)", is simply a reference to the title for subchapter C of chapter 64--"Lien for Taxes". Thus, we reject petitioners' argument that the parenthetical language limits the applicability of section 2035(d)(3)(C) to any specific provisions within subchapter C of chapter 64.

Moreover, section 6324(a)(2) is properly characterized as a lien provision. Section 827(b) of the Internal Revenue Code of 1939, a predecessor to section 6324(a)(2), imposed personal liability on a transferee of property included in a decedent's gross estate and provided for the imposition of a lien on: (1) The decedent's property in the hands of the transferee; and (2) a

lien on the transferee's separate property in the event the transferee should transfer any part of such property received from the decedent.  Although Congress later determined that it was redundant to impose a lien on a decedent's property in the hands of a transferee under section 827(b) given the imposition of an identical lien on a decedent's property prescribed in section 827(a) (the predecessor to section 6324(a)(1)), the second sentence of section 6324(a)(2) continues to provide for a lien on a transferee's separate property.  Despite the difference in the remedies provided under the first and second sentences of section 6324(a)(2), we see no basis for concluding that Congress intended to distinguish between the two in the application of section 2035(d)(3)(C).

The legislative history underlying section 2035(d)(3)(C) does not persuade us to hold otherwise.  Although H. Rept. 97-201, supra, suggests that the House may have viewed section 2035(d)(3)(C) primarily as a means to impose a lien upon property in aid of the collection of unpaid estate taxes, the related conference report explains the addition of section 2035(d)(3)(C) as follows:  "[A]ll gifts made within 3 years of death are included [in the gross estate] for purposes of * * * estate tax liens (subchapter C of chapter 64)."  H. Conf. Rept. 97-215, at

255, 1981-2 C.B. 481, 511.  As we see it, the explanation of section 2035(d)(3)(C) in the conference report supports our holding that section 2035(d)(3)(C) is applicable in these cases. Indeed, the plain language of section 2035(d)(3)(C), by referring as it does to subchapter C of chapter 64, and not to section 6324(a)(1) to the exclusion of section 6324(a)(2), belies petitioners' interpretation.

Petitioners' final contention is that there is an insufficient "nexus" between the stock that they received from decedent and the estate taxes that respondent seeks to collect from them.  Consistent with their argument under section 6901(a), petitioners assert that there is no meaningful connection between the estate tax liability--which is attributable to the application of the section 2035(c) "gross-up" rule--and the stock transfers that petitioners received from decedent.

The short answer to petitioners' contention is that Congress did not restrict transferee liability to those instances where there is an immediate link between an estate tax liability and property transferred to a transferee.  As previously discussed, section 6324(a)(2) imposes personal liability for unpaid estate taxes upon a transferee in the event that the transferee has received property from a decedent that is includable in the gross

estate pursuant to sections 2034 to 2042.  Section 2035(d)(3)(C) closes the circle by providing that gifts made by a decedent within 3 years of his death are treated as if they are included in the gross estate for purposes of subchapter C of chapter 64, which includes section 6324(a)(2).  Because petitioners received property the value of which is included in decedent's gross estate pursuant to section 2035(d)(3)(C), the only congressionally mandated link or connection between petitioners and the disputed estate tax liability has been satisfied.  This promotes sound Federal tax policy by enhancing the Commissioner's ability to collect unpaid estate taxes where a taxpayer has rendered himself insolvent by giving away the vast majority of his assets within 3 years of death.

In sum, we hold that section 2035(d)(3)(C) provides that the value of the stock that decedent transferred to petitioners is included in the gross estate for purposes of subchapter C of chapter 64, including section 6324(a)(2).  Consequently, petitioners are liable as transferees for the estate tax deficiency due from the Armstrong estate.  Consistent with the foregoing, we will deny petitioners' motions for partial summary judgment.

To reflect the foregoing,

> Orders denying petitioners'
> motions for partial summary judgment
> will be issued.