T.C. Memo. 2009-39

UNITED STATES TAX COURT

LORENZO HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1047-08.              Filed February 18, 2009.

Lorenzo Hill, pro se.

<u>James H. Harris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This action was commenced under section

6404(h) in response to a final determination by the Appeals

Office that petitioner is not entitled to abatement of interest

associated with his 1999 Federal income tax liability.  The only

issue for decision is whether the Appeals officer abused his

discretion in rejecting petitioner's claim for abatement of

interest.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in New Jersey at the time his petition was filed.

Having no record of a return filed by petitioner for 1999, on July 17, 2006, the Internal Revenue Service (IRS) sent to petitioner a notice of deficiency for 1999.  The notice determined that petitioner had a tax liability of $14,012 and was also liable for additions to tax.  On October 30, 2006, petitioner filed a petition with this Court seeking a redetermination of the deficiency, but his case was dismissed for lack of jurisdiction on January 22, 2007, because the petition was untimely.

After the case was dismissed, on or about March 1, 2007, petitioner completed a tax return for 1999 and submitted it to the IRS.  The return was accepted, and, on the basis of the return, the IRS assessed an income tax liability of $2,140 and additions to tax pursuant to section 6651(a)(1) and (2) on May 21, 2007.  Also at that time, the IRS assessed interest of $1,641

on the deficiency and additions to tax.  However, the IRS abated the additions to tax and the related interest of $592.24.

On May 16, 2007, petitioner filed with the IRS a Form 843, Claim for Refund and Request for Abatement, requesting abatement of all interest assessed.  The IRS denied petitioner's request, stating that no error or delay had occurred on the IRS's part. Petitioner appealed the denial to the Appeals Office.  On November 7, 2007, the Appeals Office sent to petitioner a Full Disallowance--Final Determination letter denying petitioner's claim for abatement of the remaining interest.  Petitioner paid in full the deficiency of $2,140 and the associated interest of $1,097.91 as of April 15, 2008.

OPINION

Petitioner argues that, where the IRS took over 6 years to contact him about his deficiency, he should not be charged any interest.  Thus, he contends, the Appeals officer's failure to abate the interest was an abuse of discretion.  Petitioner seeks judicial review under section 6404(h)(1) and Rule 280(b).

Respondent argues that there were no unreasonable errors or delays on the part of the IRS that would entitle petitioner to abatement of interest under section 6404(e)(1).  Respondent further argues that, because petitioner is not entitled to

abatement of interest, there could not have been an abuse of discretion in denying petitioner's request.

The Court may order abatement if the Commissioner abused his discretion by failing to abate interest in his final determination. Sec. 6404(h)(1); see <u>Hinck v. United States</u>, 550 U.S. 501, 506 (2007) (holding that the Tax Court provides the exclusive forum for judicial review of the IRS's refusal to abate interest). In order to prevail, a taxpayer must prove that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Section 6404(e)(1) provides in pertinent part:

> (1) In general.--In the case of any assessment of interest on--
>
>> (A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or
>>
>> (B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act,
>
> the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and <u>after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency</u> or payment. [Emphasis added.]

Section 6404(e) requires the taxpayer to identify a direct link between the error or delay and the specific period during which interest accrued. See Guerrero v. Commissioner, T.C. Memo. 2006-201.

Petitioner argues that the passage of time, from the due date of petitioner's 1999 return on April 15, 2000, to when the IRS sent the notice of deficiency on July 17, 2006, implies an unreasonable error or delay because it exceeds the normal period of limitations. There is no applicable limitation, however, when a taxpayer fails to file a return. Sec. 6501(c)(3). In any event, the time prior to July 17, 2006, is not counted under section 6404(e), which exclusively pertains to the abatement of interest after the IRS has contacted a taxpayer. See Krugman v. Commissioner, 112 T.C. 230, 239 (1999). The only interest that can be abated in this case would be the interest that accrued after July 17, 2006 (when the IRS contacted petitioner), and until the liability was paid in full on April 15, 2008. With respect to this latter period, however, petitioner does not identify any unreasonable error or delay caused by a ministerial or managerial act by the IRS. Petitioner therefore fails to show a direct link between the appropriate period of interest accrual and any unreasonable error or delay caused by the IRS during that period.

Taking into account all the facts and circumstances of this case, we hold that the Appeals officer did not abuse his discretion in denying petitioner's request for abatement of interest.  In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.