T.C. Memo. 2012-31

UNITED STATES TAX COURT

JOHN HANCOCK AND LYNN HANCOCK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9743-10.                    Filed February 1, 2012.

John Hancock and Lynn Hancock, pro sese.

<u>Alan Edward Staines</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent issued a document entitled "Full Disallowance--

Final Determination" which denied petitioners' request for abatement of interest on

their income tax liabilities for 2005 and 2006. Petitioners seek review of this determination, and we have jurisdiction pursuant to section 6404(h).[1]

Before assessing and collecting the interest in dispute, respondent had suspended the accrual of interest for the period beginning July 23, 2008, and ending November 3, 2008, pursuant to section 6601(c). Respondent has since conceded in his posttrial brief that petitioners are not liable for the accrual of interest beginning June 19, 2008,[2] and ending November 3, 2008. Accordingly, respondent has recognized that petitioners are entitled to interest abatement with respect to their 2005 and 2006 taxable years for the period beginning on June 19, 2008, and ending on July 23, 2008. We must determine whether respondent abused his discretion in determining that no additional abatement is warranted. For the reasons explained herein, we find:

---

[1]Section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent mistakenly refers to June 19, 2008, as the day that petitioners received Form 4549, Income Tax Examination Changes. The Form 4549 was executed, not received, on that day. Petitioners, in a November 12, 2008, letter to respondent, clarify that they received the Form 4549 on June 18, 2008.

1.  Respondent abused his discretion in denying petitioners' request for an abatement of interest assessed for the period from November 3, 2008, to April 15, 2009, with respect to petitioners' 2005 and 2006 tax years; and

2.  equitable estoppel does not apply to bar respondent from assessing and collecting interest due for petitioners' 2005 and 2006 tax years.

FINDINGS OF FACT

Petitioners resided in California at the time they filed their petition.  They timely filed joint Federal income tax returns for 2005 and 2006.

By letter dated April 15, 2008, respondent informed petitioners that their Federal income tax returns for 2005 and 2006 had been selected for examination (audit).

On May 30, 2008,  respondent received Form 2848, Power of Attorney and Declaration of Representative, by Roland Biegler, a certified public accountant, to represent petitioners throughout the audit.[3]

At the conclusion of the audit on June 18, 2008, respondent presented Mr. Biegler with a Form 4549 which set forth the audit adjustments determined by the revenue agent:   balances due for petitioners' 2005 and 2006 tax years of $14,831

---

[3]At the onset of the audit petitioners and the revenue agent had an opening interview which lasted approximately 2 hours.  Thereafter, all dealings and communications were strictly between Mr. Biegler and the revenue agent.

and $30,343, respectively, and an overpayment for petitioners' 2007 tax year of

$2,988.  Form 4549 also erroneously indicated that petitioners were not liable for

interest computed to July 17, 2008, for their 2005, 2006, and 2007 tax years.[4]

Mr. Biegler conveyed to petitioners that the calculations of the additional tax

amounts owed were reasonable.  In addition, he noted that the zeros in certain

columns indicating that no interest was owed for the tax years at issue, although

unusual in his experience, reflected a good offer and advised petitioners to sign the

Form 4549 and pay the amounts determined.

Petitioners executed the Form 4549 on June 19, 2008,[5] and several days later

paid the deficiencies as adjusted for 2005 and 2006.

---

[4]Pursuant to the executed Form 4549, petitioners did not owe any tax for 2007.  Accordingly, no interest is at issue for the tax year 2007.

[5]Directly above the space for the taxpayer's signature Form 4549 states:

Consent to Assessment and Collection--I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report.  Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law.  It is understood that this report is subject to acceptance by the Area Director, Area Manager, Speciality Tax Program Chief, or Director of Field Operations.

On September 11, 2008, respondent issued a letter to petitioners informing them that their executed Form 4549 was "reviewed and accepted".  The letter also stated that respondent did not plan on making any additional changes to petitioners' joint returns unless they changed a "partnership, S-corporation, trust, or estate tax return" in which they had an interest.  Petitioners believed this ended the matter.

However, on November 3, 2008, respondent sent petitioners a notice and demand for payment,[6] stating that they owed interest on unpaid liabilities for their 2005 and 2006 tax years of $1,766 and $2,821, respectively.  By letter dated November 12, 2008, petitioners informed respondent that they disagreed with those interest charges.

In a separate letter to respondent dated March 23, 2009, petitioners formally requested interest abatement and asserted that respondent should honor the executed Form 4549, which petitioners believed was a settlement agreement excusing them from the payment of interest with respect to the 2005 and 2006 tax years.

_____

[6]The administrative file does not contain a copy of the notice and demand for payment.  However, a copy of petitioners' letter dated November 12, 2008, refers to a "letter" from respondent received by petitioners on November 3, 2008.  Petitioners noted this "letter" reflected that they owed an additional $1,766 and $2,688 in interest for their 2005 and 2006 tax years, respectively.

Shortly thereafter on April 15, 2009, respondent applied a Federal income tax refund for petitioners' 2008 tax year to petitioners' accounts for 2005 and 2006 in order to satisfy in full the interest due for those years.

On July 22, 2009, respondent determined that petitioners' March 23, 2009, request for the abatement of all interest for their 2005 and 2006 taxable years should be partially allowed for the period beginning June 17, 2008, and ending April 15, 2009. Respondent presently asserts that this abatement was based on the erroneous conclusion that petitioners were not informed of the correct amounts of interest due for the taxable years at issue until April 15, 2009; respondent contends petitioners were in fact so informed by November 3, 2008.

Petitioners by letter dated August 18, 2009, requested that respondent reconsider their request for complete abatement of interest for their 2005 and 2006 tax years. On October 27, 2009, respondent issued his Full Disallowance--Final Determination, which denied both petitioners' request for complete abatement of interest for the tax years at issue and found that there were no errors or delays by respondent within the scope of section 6404(e) during the period from June 23, 2008, to April 15, 2009.

Petitioners timely filed a petition with this Court asserting that respondent's failure to abate interest was an abuse of discretion. At the time of filing the

petition, petitioners met the requirements of section 7430(c)(4)(A)(ii), satisfying a prerequisite condition for our jurisdiction. See sec. 6404(h). A trial was held in San Francisco, California, on March 15, 2011.

Respondent has since conceded that petitioners are not liable for the accrual of interest from June 19, 2008, the date petitioners executed their Form 4549 erroneously reflecting that they owned no interest with respect to the 2005 and 2006 taxable years, until November 3, 2008, the date on which respondent issued a notice and demand to petitioners.[7]

OPINION

I. Interest Abatement

Section 6404(e)(1)(A) provides that the Commissioner may, at his discretion, abate the assessment of interest on any deficiency in tax attributable, in whole or in part, to any unreasonable error or delay by an IRS officer or employee in performing a "managerial" or "ministerial" act.[8] See Lee v. Commissioner, 113 T.C. 145, 148-

_____

[7] Respondent had administratively suspended the accrual of interest for the period beginning July 23, 2008, and ending November 3, 2008, pursuant to sec. 6601(c), before petitioners' petition to this Court.

[8] Sec. 6404(e) is not intended to be routinely used to avoid payment of interest; rather, Congress intended abatement of interest only where failure to do so "would be widely perceived as grossly unfair." H. R. Rept. No. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. No. 99-313, at 208 (1986), 1986-3

(continued...)

150 (1999); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>see also</u> sec. 301.6404-2(b), Proced. & Admin. Regs.  We have jurisdiction to determine whether the failure of the IRS to abate interest was an abuse of discretion.  <u>See</u> sec. 6404(h)(1); <u>Urbano v. Commissioner</u>, 122 T.C. 384, 390 (2004).

A "managerial act" is an administrative act which occurs during the processing of a taxpayer's case and involves the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel.  Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.  "Ministerial acts" include procedural or mechanical actions not involving the exercise of judgment or discretion which occur during the processing of a taxpayer's case after all prerequisite action has taken place.  <u>Braun v. Commissioner</u>, T.C. Memo. 2005-221; sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

Section 6404(e) applies only after the Commissioner has contacted the taxpayer in writing about the deficiency, and this Court will give due deference to the Commissioner's use of discretion.  See Rule 280(b); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 239 (1999); <u>Woodral v. Commissioner</u>, 112 T.C. at 23.  The taxpayer

---

[8](...continued)
C.B. (Vol. 3) 1, 208.

bears the burden of proof and in order to meet this burden must establish that the Commissioner abused his discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. at 23; see also sec. 6404(h)(1); Rule 142(a). To qualify for abatement of interest, the taxpayer must: (1) identify an error or delay by the IRS in performing a ministerial or managerial act; (2) establish a correlation between the error or delay by the IRS and a specific period for which interest should be abated; and (3) show the taxpayer would have paid his or her tax liability earlier but for such error or delay. See sec. 6404(e)(1); sec. 301.6404-2, Proced. & Admin. Regs.; Braun v. Commissioner, T.C. Memo. 2005-221; see also Hill v. Commissioner, T.C. Memo. 2009-39.

A. Whether Petitioners Established an Error or Delay by Respondent in Performing a Ministerial or Managerial Act

We have previously found that when the Commissioner misinforms taxpayers as to their total liability for a taxable period, such actions are "ministerial". Harbaugh v. Commissioner, T.C. Memo. 2003-316; Douponce v. Commissioner, T.C. Memo. 1999-398; see also sec. 301.6404-2(c), Example (11), Proced. & Admin. Regs. Respondent concedes that he erroneously provided petitioners with misleading information regarding interest that accrued on their tax liabilities for

2005 and 2006. Specifically, respondent asserts he erred when he (1) issued a letter to petitioners on September 11, 2008, informing them that their executed Form 4549, which indicated that they did not owe interest for the tax years at issue, was "reviewed and accepted", and (2) determined on July 22, 2009, that their March 23, 2009, request for abatement of all interest for their 2005 and 2006 tax years should be partially allowed. In accord with respondent's concessions, we find that petitioners have satisfied their initial burden of establishing that respondent erred in performing ministerial tasks.

    B.  <u>Whether Petitioners Established a Correlation Between a Specific Delay in Payment and an Error or Delay by Respondent</u>

Section 6404(e) requires that taxpayers not only identify a mistake by the Commissioner, but also link the mistake to a specific period of delay in payment for which interest should be abated. See <u>Hill v. Commissioner</u>, T.C. Memo. 2009-39; <u>Guerrero v. Commissioner</u>, T.C. Memo. 2006-201; <u>Braun v. Commissioner</u>, T.C. Memo. 2005-221. The "requisite correlation between an error or delay attributable to the Commissioner and a specific period of time is, for the most part, missing where a taxpayer requests that all interest with respect to the deficiencies be abated." <u>Braun v. Commissioner</u>, T.C. Memo. 2005-221 (citing <u>Donovan v. Commissioner</u>, T.C. Memo. 2000-220).

In <u>Braun v. Commissioner</u>, T.C. Memo. 2005-221, the taxpayer submitted a request for abatement of interest, alleging errors and undue delay in the Commissioner's consideration of his offer-in-compromise. The taxpayer generally objected to interest flowing from the tax liabilities at issue without specifically alleging a period for which interest should be abated. After finding that any error or delay by the Commissioner was directly attributable to the actions of the taxpayer, we noted that the taxpayer's request amounted to a "claim for an exemption from interest, rather than a claim for abatement of interest." <u>Id.</u> (citing <u>Donovan v. Commissioner</u>, T.C. Memo. 2000-220).

Similarly, in <u>Donovan</u>, we rejected the taxpayer's blanket assertion that he was entitled to a complete abatement of interest following his payment of certain tax deficiencies. We found that the taxpayer's broad and generally meritless request failed to establish the necessary correlation between any perceived ministerial error or delay attributable to the Commissioner[9] and a specific time period.

The cases cited <u>supra</u> are inapposite to the present case. Petitioners, unlike the taxpayers in <u>Braun</u> and <u>Donovan</u>, have in essence equated respondent's

---

[9]We also found that no "ministerial acts" within the meaning of sec. 6404(e) were performed by the Commissioner.

admitted ministerial error in calculating their tax liabilities, as reflected on Form 4549, with the period following petitioners' receipt of the Form 4549. Petitioners are not merely searching, groundlessly, for an exemption from interest, nor have they contributed to the many errors by respondent. Instead, petitioners validly seek an interest abatement on account of respondent's professed errors.

Petitioners' inartful attempt to expressly articulate the period for which interest abatement is warranted is a direct function of the confusion and inconsistency which pervaded respondent's actions following petitioners' execution of the Form 4549.[10] Initially, respondent appeared to agree that no interest accrual was warranted on petitioners' deficiencies when he approved the executed Form 4549. In an unexplained change of posture, respondent then issued a notice and demand to petitioners on November 3, 2008, stating that they owed interest for their 2005 and 2006 tax years. Petitioners, continuing to rely on the executed Form 4549 and uncertain as to the propriety of the notice and demand, subsequently wrote two letters to respondent seeking clarification of respondent's position and also requesting that respondent abide by the terms of the executed Form 4549. During the period in which petitioners waited for respondent's official response to their

[10]At trial, petitioners clarified that they were seeking a full or partial abatement of interest.

letters, respondent applied a tax refund from petitioners' 2008 tax year to their tax liabilities at issue, satisfying the liabilities in full. It was only at this point that petitioners realized that respondent had disregarded what petitioners perceived as the clear calculations in the executed Form 4945 and instead relied on the calculations in the November 3, 2008, notice and demand. Respondent's position was altered twice thereafter, further complicating matters.

Given the confusion engendered by respondent's actions, we find that petitioners' request for interest abatement is framed by the period following the their receipt of Form 4549 and ending with the payment in full of the liabilities on April 15, 2009. Respondent's posttrial brief underscores this point by conceding that he was in error from the "date the erroneous interest amounts were provided to the taxpayers until the date on which respondent provided corrected interest amounts." We find that the date respondent unequivocally provided corrected interest amounts was April 15, 2009.

Thus, petitioners have satisfied their burden.

C. <u>Whether Petitioners Would Have Paid the Tax Liabilities Earlier But For Respondent's Error</u>

Notwithstanding a ministerial or managerial error by the Commissioner, no abatement is warranted where no earlier payment would have been made. <u>See</u>

Wright v. Commissioner, T.C. Memo. 2004-69, aff'd, 125 Fed. Appx. 547 (5th Cir. 2005). We have applied this principle by upholding the Commissioner's discretion not to abate interest where the taxpayer failed to establish that he had the financial resources to satisfy the tax liability when the claimed error occurred. See Harbaugh v. Commissioner, T.C. Memo. 2003-316; Spurgin v. Commissioner, T.C. Memo. 2001-290; Hawksley v. Commissioner, T.C. Memo. 2000-354.

The record is unclear as to whether petitioners had the financial resources to pay their liabilities. Respondent has represented that petitioners' failure to establish sufficient financial resources precludes the application of section 6404(e). Nonetheless, respondent conceded in his posttrial brief:

> [R]espondent's refusal to abate interest which accrued from the date the erroneous interest amounts were provided to the taxpayers until the date on which respondent provided corrected interest amounts constitutes an abuse of discretion, and such interest should be abated. Here, respondent provided incorrect interest amounts to petitioners on June 19, 2008, and correct amounts were provided on November 3, 2008. Since respondent suspended interest accruals pursuant to I.R.C. sec. 6601(c) for the period from July 23, 2008 until November 3, 2008, petitioners are entitled to interest abatement only for the period from June 19, 2008 until July 23, 2008, the date on which interest suspension pursuant to I.R.C. sec. 6601(c) began. [Citations omitted; emphasis added.]

The argument that petitioners did not present evidence of their ability to pay the interest liabilities, irrespective of respondent's error, applied equally to the

conceded period; yet respondent accepted that he abused his discretion in failing to abate interest for the period from June 19 to November 3, 2008. As respondent has abandoned the argument in part, we find as a corollary that he abandoned it in whole. We need not address it further.

D. Conclusion

We conclude that respondent's failure to abate interest for petitioners' 2005 and 2006 tax years for the period beginning November 3, 2008, and ending April 15, 2009, was an abuse of discretion.[11]

II. Equitable Estoppel

Petitioners' pleadings appear to assert the doctrine of equitable estoppel against respondent with the purpose of restricting respondent from assessing all interest on petitioners' income tax liabilities for 2005 and 2006. As a preliminary matter, we note that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442. We do not maintain general jurisdiction to decide whether respondent is equitably estopped from assessing the entirety of petitioners' accrued interest. Section 6404(h) provides this Court with jurisdiction only to "determine whether the

---

[11]Respondent conceded that he abused his discretion in not abating interest from the period beginning June 19, 2008, to November 3, 2008. As noted supra, the beginning date for that period should be June 18, 2008.

Secretary's failure to abate interest * * * was an abuse of discretion." Abatement is available under section 6404(e) only for periods after the IRS has contacted the taxpayer in writing with respect to the payment. Harbaugh v. Commissioner, T.C. Memo. 2003-316; Donovan v . Commissioner, T.C. Memo. 2000-220 ("[S]ection 6404(e)(1) does not provide for the abatement of interest assessed on a deficiency for the period between the dates that the return is due and the taxpayer is contacted in writing with respect to the deficiency."). Accordingly, we do not have jurisdiction to conclude that interest abatement was warranted for the period before June 18, 2008, the date of petitioners' receipt of Form 4549. Our determination is limited to whether respondent's refusal to abate interest under section 6404 for the period following petitioners' receipt of the Form 4549 constitutes an abuse of discretion. See sec. 6404(e),(h). In addition to our narrow inquiry, the elements of "equitable estoppel" are not present here.

"Equitable estoppel is a judicial doctrine that 'precludes a party from denying his own acts or representations which induced another to act to his detriment.'" Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992) (quoting Graff v. Commissioner, 74 T.C. 743, 761 (1980), aff'd, 673 F.2d 784 (5th Cir. 1982)). The doctrine of equitable estoppel is applied against the Commissioner "with utmost caution and restraint". Schuster v. Commissioner, 312 F.2d 311, 317 (9th

Cir. 1962), aff'g 32 T.C. 998 (1959), and aff'g in part, rev'g in part First W. Bank & Trust Co. v. Commissioner, 32 T.C. 1017 (1959).

The taxpayer must establish several elements before equitable estoppel will be applied against the Government. See Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995), aff'd,140 F.3d 240 (4th Cir. 1998). In addition to traditional elements, the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, requires the party seeking to apply the doctrine against the Government to prove affirmative misconduct. Purcell v. United States, 1 F.3d 932, 939 (9th Cir. 1993). The aggrieved party must prove "'affirmative misconduct going beyond mere negligence'" and, even then, "'estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability'." Purer v. United States, 872 F.2d 277, 278 (9th Cir. 1989) (quoting Wagner v. Director, FEMA, 847 F.2d 515, 519 (9th Cir. 1988)). Affirmative misconduct requires "ongoing active misrepresentations" or a "pervasive pattern of false promises", as opposed to an isolated act of providing misinformation. Purcell, 1 F.3d at 940. Affirmative misconduct is a threshold issue to be decided before determining whether the traditional elements of equitable estoppel are present. Id. at 939.

Petitioners, while maintaining in their posttrial brief that respondent was "grossly negligent", have not asserted any affirmative misconduct or wrongful action by respondent. Petitioners note that respondent's revenue agent did not calculate interest on the Form 4549 and, instead, relied upon the small print on the form to allow respondent to assess "additional interest as provided by law". The revenue agent also testified that he never placed interest on his reports because the interest calculation program never matched the calculations performed by the Internal Revenue Service (IRS) service centers. Nonetheless, it was the revenue agent's expectation that interest would be assessed on petitioners' unpaid tax liability.

Respondent has acknowledged making errors in calculating petitioners' interest and generally displayed a pattern of frustrating inconsistency; however, we do not feel that respondent's actions rise to a level beyond negligence.

As petitioners have not proven affirmative misconduct on the part of respondent, we need not address the traditional conditions for application of equitable estoppel. See Estate of Telesmanich v. Commissioner, T.C. Memo. 2011-181; Miller v. Commissioner, T.C. Memo. 2001-55 (citing Purcell, 1 F.3d at 939).

III.  Conclusion

We find that (1) respondent abused his discretion in declining to abate interest from November 3, 2008, to April 15, 2009; and (2) equitable estoppel does not apply to bar respondent from assessing and collecting interest due for petitioners' 2005 and 2006 tax years.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate decision will be entered.